*468 Petition for Rehearing by
J. HAGGIN, ESQ.
In this case the execution from a different circuit, was delivered to the sheriff on the 7th, advertised on the 9th being the court day, and the sale made on the 19th. All tinder the immediate superintendance of the plaintiff. who become the purchaser, for a sort”, and without notice to the defendants, it is said that the letter of the law has been observed, but surely its analogies have been outraged. Could the legislature intend to afford greater indulgencies to the debtor, whose personalty was taken under execution, than the defendant whose inheritance. was about to be sacrificed: yet twenty days are given the former, after levy. Is it probable that when they were providing for the creditor, whose debtor lived in a different county, that it was intended to subject the estate otherwise than if he had lived in the same county? Might it not be fairly inferred, that it designed to give the unqualified direction of bis execution only to the plaintiffs. in called of removal by defendant, after suit, and whose conduct in that respect had prejudiced or might mar the prospects of his creditor?
I will not detain the court, however in the construction of the sections which direct the process: well recollecting, that i formerly labored in vain, and that it was not until an abler pen, had treated of if. that the opinion was so changed, a.s to constrain the creditor to the extent avowed by the present; opinion.
With due deference, however. I would suggest that such precipitancy and co-operation, between the plaintiff and the sheriff, does strongly indicate something of sinister intent, which would justify a cancelment of the transaction. Yet fraud is odious. I know, and it may be more just to pass over those. circumstances; and even to presume that the defendants in the ejectment, who had undergone a protracted litigation for their land, and for their improvements, were still ignorant of the residence in their adversaries, although in a county not distant, and of some distinction, than to impute to there *469 dishonest purposes. On this subject I would not dwell, because I am every day admonished how difficult it is to obtain a corresponding sentiment, touching matters of fact, where the record may justify a diversity of inference.
My desire at present is chiefly, to draw the attention of this honorable court, to tire time between the court day and the sale. Here there can be no dispute about facts. The court was held on the 9th, and the sale took place on the 19th. Ten days notice was given, if the court day be included in the computation—otherwise only nine. This act is said to be sui generis,—and its own terms must therefore decide the question. It provides that the officer shall give not less than ten, nor more than twenty days notice, from the court, day on which the notice was given ” The words of the statute exclude the court day from the computation. This is the plain and ordinary import of the word from. So acknowledged without exception, and never departed from, but under groat necessity, where the courts of law have qualified the literal expression, to prevent a failure or forfeiture of right. In the argument this rule was merely intimated, I did not doubt that it would be at once recognized. Insomuch that although, the word from is frequent in the books, particularly in our own reports, I am inconscious of a dictum, that.it should be construed as inclusive.
They are all in admission, as I believe, that it excludes, agreeably to its proper signification, and in conformity with this construction, are the authorities in the law,
“Thus it is” says Comyn, vol. 4 page 54, 98: “ if a leas? be to commence from the day of the date, the day after the date it begins.” “So if it be a date, for it is as a the date Coke Lit. p. 46; (b.) “ If a lease be made the 26th of May, to have and to hold far twenty years from the date, or from the day of the date, it shall begin on the 27th day of May.” If it be from the malting thereof or from henceforth. it shall begin on tbs day on which it is delivered, *470 " But if it be a the confections, then it shall begin on the next day.” Baym. p. 81: “ when the cumputation is to be made from an act dono, the day on which the act was done, must he included” but where the computation is to be made, from the day and not from the act, there the day is to be excluded by the express words of the parties.” And the eases are again given of a lease, a die datus or a confectionis. The former excludes, the latter includes the day. The same reports, 430, in a suit opona policy insuring the life of A, for one year from the date of the policy. The day was excluded. So in Clayton’s case 5th Co. 1 a the same construction is maintained. Other authorities are to be found in corroboration. But surely mope can hardly be requested.
The rule is impressed upon every student, as comperting with the meaning of the terms and the doctrine of the law. Kxccpt that some doubts have been entertained how far a data and a die datu, may differ — a difference imputable to the different import of the word date in law. in some instances it is applied to the delivery of the deed, and sometimes to the day expressed as that upon which the deed was made. When the words, from the date, are held to relate to the time of delivery, they are equivalent to a confectionis, and where they, were applied to the day expressed on the instrument, a datu is equivalent to a die datu, and excludes. This under stood, from Coke down, this rule, so far as lean find any thing in the hooks, has been sanctioned. I have even been induced to examine our own reports, apprehensive that something had recently transpired on this subject. Nothing however, has been found except, a ease in Hardin p. 457, in construction of that section of our act of assembly, regulating the change of venue, which requires that the party shall deposit the papers, “ thirty days before the court to which such suit shall be set for trial.” The papers were deposited on the 8th of February, and the. court commenced on the 10th day of March, The court decided that they were, deposited in tune. The day of deposit and first day of the court were, one to be excluded, and the other included.
*471 This is in conformity with the rule for which we contend. It is like the cases which compute thee to or from the act, or the event, and hot to or from the day upon which the act or event took place. If the statute had read, thirty days before the first day of the court to which such suit, should be set for trial, the day would have been excluded. Rut court commenced sometime in the day, and the requisition that papers should be filed before the commencement of the court, would not prevent the filing of them on the morning of that day. Nor would the prohibition against filing them less than thirty days before the commencement, prevent the filing of them thirty days including the morning of the day. In the general, however, the law rejects fractions of days. Yet it is not content that nine days shall pass for ten. Where we count, including one, and excluding another, to most legal purposes, and for ordinary transactions, due time has been given, by computing the number prescribed. So it was done in Hardin. But where we count both the extremes, we fall short, most certainly and essentially. In the case under consideration, the extremes to be computed, were the tenth and nineteenth. For the ninth, we have seen by ail rule, must be excluded. We have then but nine days, from the court. Now if I am correct as to the time, this court having often decided and even in the opinion delivered, virtually declaring, that as the irregularity must have consisted in a matter known to the creditor, and he become the purchaser, he cannot he permitted to retain the advantage so improperly obtained.
A rehearing is therefore prayed.
Answer of the defendant to the petition, by
THOMAS B. MONROE.
It is believed the learned counsel for the plaintiff in error has accidentally mistaken the application of the law he has cited.
The rule that a lease, made to commence from the day of the date of the deed, shall commence not until the day after the day it bears date, affects only the commencement of the term, not the duration or *472 terral nation of it. For where the commencement is Hi us postponed, the day the term begins and the day it ends, shall be both computed in the number of the days of its duration. Whereas, when the term commences the moment the deed is delivered, One of the these days is excluded in the calculation. And the reason is this—in the former case, where the- day of the date is excluded, there is no fraction of a day at the commencement, but in the latter there is a fraction, to exclude which, the Saw in the computation of the time, excludes the day of which it is a part, entirely.
It is, however, contended that all this learning about days, dates, from days, and from times, units and fractions, having arisen out of the statutary law of England, in relation to leases by the tenants of certain particular estates, ought not to be carried by analogy into any other department of the law, much less into this subject, which is exclusively regulated by our statutes. It would be much more fitting for us to draw our analogies from some construction of some other statute of this State, if indeed there can be any construction. If we do this, the question is as conclusively settled, as it is possible any case can be, by the decision of a perfectly analogous case. It is enacted that if the capias be executed ten days before the “return day,” (not “the Court,”) the cause shall stand for trial at the first terra; otherwise not, 2 Dig. L. K. 260, § 4; and it was decided in Pollard vs Yoder, 2 Marsh. 264-7, that the capias returnable on the 15th was executed in time, on the 5th; now unless ten days from a “court day,” is a longer time than ten days before & court day, the case is in point and the law settled.
It would not do to overturn Pollard and Yoder, for all the State had before. and have ever since conformed to its principle; and it would be, it is humbly conceived, impossible, for even the learned counsel for the plaintiff himself, to reconcile it with the decision he asks. It is regretted the case escaped him. not only because of itself, but he would have there found that this court had considered the case of Woods and Patrick, which he cites from Hardin *473 as an authority in favor of the computation of the days they labor to exclude; and it is certainly so. The act, 2 Dig. 1234, requires the papers to be deposited at least thirty days before the court. Sup~ pose it had been one day before the day of court, would it not have been sufficient to have made the deposit on the day before the court day, and suppose the Act was, one day before court, would the deposit be in time on a later day—namely on court day? Certainly not, unless the first day of court Is one day before court! There can Hum be no difference between a day before court, and a day before the day of court; and so the gentleman's own case is against him, unless thirty is more than thirty times one.
But after all, it is still contended, that be this question as it may, the sale is still valid, and this controversy, on this point, proves it,
REJOINER OF
MR. HAGGIN.
The case in Marshall has been read. The attention of the court was not called to the plain, and obvious, and legal import of the word, before the day of an event, and before the event.
The question considered, was in relation to a supposed act of Virginia, as to the computation of time. I rely upon the old common sense construction, so often and uniformly recognized and maintained. If the commencement of the court is at twelve o’clock at midnight, the instant of the transition of the Sabbath, Then before the first day of the court, to the same thing as before the commencement of the court, for the day includes every hour and minute of the twenty four. But if on the contrary, no legislature, or judge, or citizen, understands the court to commence before the hours of business, as ten or twelve o’clock in the day, then the words are essentially different.
So is the case in Hardin. There one of the days was included and the other excluded, although tho words of the act did not expressly exclude either. Here one is unquestionably rejected. Will the computation he the same? Impossible. If so, the books *474 are in this respect nonsensical. Why talk about a computation from the act, as from the day of the as different, if they both embraced the-same period precisely. But I weary. The law is written in our favor, and we trust it must prove, a source of gratification to the court, to find it may reinstate the parties, consistently with the most strict principles.
In the computation of time, under our statutes, whether it be from the event or act, or from the day of the event, one day is to be excluded and the other included.
It seems the acts of irregularity in the sheriff will not affect the purchase of the plaintiff in the execution, unless he be at least assenting to them.